UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

..................................................................

| | |
|---|---|
| FIRYAL THABATAH )<br>     PLAINTIFF )<br>vs. )<br> )<br>DENIS R. MCDONOUGH, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>VETERAN AFFAIRS, )<br> )<br>     DEFENDANT. ) | CIVIL ACTION NO. 23-1043<br>NJB-DPC<br>SECTION G/2 |

..................................................................

### PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

I.   INTRODUCTION

Plaintiff, Firyal Thabatah (hereinafter, " Ms. Thabatah"), brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. She contends that she is entitled to monetary damages because the United States Department of Veterans Affairs, through its management and supervisory staff at the VA's Southeast Louisiana Veterans Healthcare System (1) subjected her a hostile work because of her race, religion, and national origin and (2) discriminated against her of the basis of her religion by denying her request for leave in 2022 to participate in Ramadan, a Muslim religious holiday. The Defendant is Denis Richard McDonough, Secretary, United States Department of Veteran Affairs (hereinafter, " the VA").

### JURY INSTRUCTION NO. 1

**11.5.2 TITLE VII—DISCRIMINATION—NON-SEXUAL HARASSMENT—SUPERVISOR HARASSMENT WITHOUT TANGIBLE EMPLOYMENT ACTION (HOSTILE WORK ENVIRONMENT)**

**B. Charge**

1

1. Plaintiff claims she was harassed by her supervisor because of her national origin and religion and that her employer, Defendant, is responsible for the harassing conduct. There are a number of events that Plaintiff claims constitute this harassment. These events are as follows:

- Event 2-On March 11, 2021, David Ronnenburg, Ms. Thabatah's manager, failed to assist her with an agitated patient when she requested and dismissed her concerns when she addressed his refusal to help; he also stated, "Firyal was never in any danger and the patient was an old frail man and Firyal was never in harm's way."

- Event 3-On March 12-13, 2021, and June 4, 2021, management failed to take appropriate corrective action when complainant reported two of her coworkers and a Police Officer made harassing jokes about complainant possessing and/or making bombs.

- Event 4-Since March 14, 2021, Nicele Shine (NS) Registered Nurse Manager and David Ronnenburg blocked complainant's attempts to leave the Emergency Department (ED).

- Event 5-On March 18, 2021, David Ronnenburg responded, "I don't care about your pity party" when complainant reported a patient threatened to kill her due to her race/national origin/religion and coworkers joked about her due to her race/national origin/religion.

- Event 6-On June 1, 2021, management intentionally investigated complainant's harassment concerns in a way which embarrassed, humiliated, and alienated her in the presence of her coworkers.

In addition to the above 5 events, Ms. Thabatah's hostile work environment also includes allegations that management failed to timely investigate her claims of harassment, that her manager refused to grant multiple leave requests and, in doing so, treated her less favorably than white employees, that Management sent her an email stating that she was mistakenly "perceiving the review of her restraint documentation as a targeted, personal, malicious attack" when she raised concerns about being the only nurse singled out for incomplete documentation, that Management repeatedly denied her requests for leave, and that Management denied her request

for leave during Ramadan. When taken together, the threats by the patient, three bomb comments, pity party comment, multiple denials of leave, singling out of Plaintiff, and alleged dismissiveness by Plaintiff's supervisors would be sufficient for a reasonable factfinder to conclude that Plaintiff was subject to a hostile work environment based on her race, religion, and national origin." Rec. Doc. 46 at 22.

Defendant denies Plaintiff's claims and contends that Event 3 did not happen, that they had a legitimate, non-discriminatory basis for every action about which Ms. Thabatah complains, and they did not discriminate against Ms. Thabatah, retaliate against her, or create a hostile work environment.

## JURY INSTRUCTIONS

**TITLE VII – DISCRIMINATION BASED ON HOSTILE WORK ENVIRONMENT**

It is unlawful for an employer to discriminate against an employee because of the employee's Mid-eastern descent and Muslim religion. This includes harassment or the creaion of a hostile work environment because the person is of Mid-eastern descent and Muslim.

For Defendant to be liable for harassment because of the employee's Mid-eastern descent and Muslim religion, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment of persons because they are of Mid-eastern descent and a Muslim may include extremely insensitive conduct because of they are of Mid-eastern descent or a Muslim. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to being of Mid-eastern descent or a Muslim, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

If you find Plaintiff was harassed because she is of Mid-eastern descent or a Muslim, then you must find for Plaintiff unless Defendant proves by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.
If Defendant proves (a) and (b), you must find for Defendant.

**JURY QUESTIONS-BASED ON HOSTILE WORK ENVIRONMENT**

Question No. 1 Was Plaintiff harassed because she is of Mid-eastern descent and a Muslim? Answer "Yes" or "No." _____

If you answered "Yes" to Question No. 1, then answer the following Question:

Question No. 2 A. Did Defendant exercise reasonable care to prevent and promptly correct any [protected trait] harassing behavior? Answer "Yes" or "No." _____

B. Did Plaintiff unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise? Answer "Yes" or "No." _____

## JURY INSTRUCTIONS

**TITLE VII – DISCRIMINATION BASED ON RELIGION INSTRUCTIONS**

Title VII requires employers to make accommodations for an employee's religious beliefs or practices unless the employer can show that the employee's religious practice cannot "reasonably" be accommodated without "undue hardship." The Supreme Court, in *Groff v. DeJoy*, 600 U.S. 447, 468-71 (2023), clarified the standard for undue hardship. Before *Groff*, an employer's burden to show undue hardship had been, since *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977), understood by lower courts as relieving an employer of providing a religious accommodation if it can show that doing so would impose "more than . . . *de minimis*" cost. *See, e.g.*, *Balint v. Carson City*, 180 F.3d 1047, 1053-54 (9th Cir. 1999). The *Groff* court disavowed that understanding, stating that the "more than a *de minimis* cost" test was a mistaken view of *Hardison*. Rather, the Court explained that an employer must accommodate an employee's religious beliefs unless it can show that doing so would "result in substantial increased costs in relation to the conduct of" the employer's business. *Groff*, 600 U.S. at 470. Although the Court left it to the lower courts to perform the

5

context-specific application of the clarified standard, it noted two things: (1) "a hardship that is attributable to employee animosity to a particular religion, to religion in general, or to the very notion of accommodating religious practice cannot be considered 'undue'"; and (2) "Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations." *Id*. at 472-73.

In order for Plaintiff to establish her claim for discrimination based on religion under Title VII, she must prove the following by a preponderance of the evidence:

1. The Defendant Management denied her request for leave during Ramadan and

2. After making this request, the **burden** shifts to the employer to articulate some legitimate, nondiscriminatory reason for the allegedly discriminatory decision or action, including that granting the request would be an undue burden, thereby rebutting the presumption.

3. The plaintiff is then provided the opportunity to show that the employer's stated reason for the employment action was not a legitimate, nondiscriminatory reason, did not constitute an undue burden, or was, in fact, pretext and that the plaintiff's protected trait was the real reason for the decision and that Plaintiff's Muslim religion was a motivating factor for the Defendant's action.

4. If you find that the Plaintiff has failed to prove Defendant Management denied her request for leave during Ramadan or that the employer articulated some legitimate, nondiscriminatory reason for the allegedly discriminatory decision or action including that granting the request would be an undue burden, that plaintiff did not rebut, then you must find against her discrimination claim and in favor of the Defendant.

5.  If, on the other hand, you find (1) that the Plaintiff has proved by a preponderance of the evidence that Defendant Management denied her request for leave during Ramadan, that (2) the employee rebutted the employer's claim of a legitimate, nondiscriminatory reason for the allegedly discriminatory decision or action, or (3) that the reason given was, in fact, pretext and that the plaintiff 's protected trait was the real reason for the decision and that Plaintiff's Muslim religion was a motivating factor for the Defendant's action, then you must find in her favor and against Defendant.

## JURY QUESTIONS-DISCRIMINATION BASED ON RELIGION

Question No. 1 Did Defendant Management denied plaintiff's her request for leave during Ramadan? Answer "Yes" or "No." _____

If you answered "Yes" to Question No. 1, then answer the following Question:

Question No. 2. Did the employer articulate some legitimate, nondiscriminatory reason for the allegedly discriminatory decision or action, including that granting the request would be an undue burden? Answer "Yes" or "No." _____

If you answered "Yes" to Question No. 1, then answer the following Question:

Question No. 3. Did the plaintiff show that the employer's stated reason for the employment action was not a legitimate, nondiscriminatory reason, did not constitute an undue burden, or was, in fact, pretext and that the plaintiff 's protected trait was the real reason for the decision and that Plaintiff's Muslim religion was a motivating factor for the Defendant's action. Answer "Yes" or "No." _____ \_\_\_

## JURY INSTRUCTIONS-DAMAGES

If you found that the United States Department of Veteran Affairs violated Title VII, then you must determine whether it has caused Plaintiff Firyal Thabatah damages and, if so, you must determine the amount of those damages.

You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff [name] has proved liability.

Plaintiff Firyal Thabatah must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Firyal Thabatah need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Firyal Thabatah would have earned in her employment with Defendant if she had not been subjected to Hostile Work Environment from March 11, 2021 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Firyal Thabatah received from employment during that time; (2) the amount of other damages sustained by Plaintiff [name] [list recoverable elements supported by the evidence, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses].

Back pay includes the amounts the evidence shows Plaintiff Firyal Thabatah would have earned had she remained an employee of the Emergency Department. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff Firyal Thabatah received during the period in question.

**(If the defendant asserts and provides evidence that the plaintiff failed to mitigate damages, the following charge should be given.)**

Defendant claims that Plaintiff Firyal Thabatah failed to mitigate her damages. Plaintiff Firyal Thabatah has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages. To succeed on this defense, Defendant must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Firyal Thabatah failed to use reasonable diligence in seeking those positions; and (c) the amount by which laintiff [name]'s damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she left due to the hostile working environment. Plaintiff does not have to accept a job that is dissimilar to the one she left due to the hostile working environment, one that would be a demotion, or one that would be demeaning.

The reasonableness of Plaintiff Firyal Thabatah  diligence should be evaluated in light of her individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Firyal Thabatah for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

**Question No. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff [name] for the damages, if any, you have found Defendant [name] caused Plaintiff [name]? Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ ―――――

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ ―――――

3. Wages and benefits from December 19, 2022 to August 21, 2024. $ ―――――

**Question No. 2**

Do you find that Plaintiff [name] failed to reduce [his/her] damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his/her] [specify tangible or adverse employment action]?

Answer "Yes" or "No."

―――――

If you answered "Yes" to Question No. 2, then answer Question No. 3.

**Question No. 3**

How much would Plaintiff Firyal Thabatah have earned had she exercised reasonable diligence under the circumstances to minimize [his/her] damages? Answer in dollars and cents, if any.

$ ―――――

Respectfully submitted this 7th day of August 2024,

FIRYAL THABATAH

By her attorney,

/s/ Ronald K. Lospennato
Ronald K. Lospennato, Bar No. 32191
Attorney at Law
650 Poydras St., Suite 1400
New Orleans, LA 70118-2043
504-407-7454
ron@lospennatolaw.com