**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FIRYAL THABATAH,** | * | **ACTION NO. 23-CV-1043** |
| **Plaintiff,** | * | **SECTION: "G" (2)** |
| **V.** | * | |
| **DENIS RICHARD MCDONOUGH,** | * | |
| **SECRETARY, UNITED STATES** | | |
| **DEPARTMENT OF VETERANS AFFAIRS,** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS
## WITH CITATIONS TO RELEVANT LEGAL AUTHORITY

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes defendant, Denis McDonough, Secretary of the Department of Veterans Affairs (the "VA"), and hereby submits its proposed jury instructions with citation to legal authority in support of each proposed instruction. Additions to any 5th Circuit Pattern Jury Instruction are underlined; deletions are struckthrough.

## I.    PRELIMINARY INSTRUCTIONS

**5TH Circuit Pattern Jury Instruction No. 1.1. –   Instructions for Beginning of Trial**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging ser- vice, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**5TH Circuit Pattern Jury Instruction No. 1.2 - Preliminary Instructions to Jury**

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Alternate 1:

Pay close attention to the testimony and evidence. You will not be allowed to take notes.

Alternate 2:

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any is- sue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.**

## II.    GENERAL INSTRUCTIONS

**<u>5TH Circuit Pattern Jury Instruction No. 2.1 - First Recess</u>**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

**5TH Circuit Pattern Jury Instruction No. 2.3 – Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have agreed, or stipulated, that:

a.    Ms. Thabatah was employed with the Agency as a nurse in the emergency department at the Southeast Louisiana Veteran's Health Care System, but she now works in that same facility in the "flow" department.

b.    Ms. Thabatah is a 46-year-old Muslim, Middle Eastern, Palestinian, female.

c.    Ms. Thabatah also covers her head in accordance with her religious practices.

d.    In or about September 2017, the U.S. Department of Veterans Affairs, New Orleans VA Medical Center hired Ms. Thabatah to serve as a Registered Nurse at the Southeast Louisiana Veterans Health Care System's Emergency Department.

e.    Ms. Thabatah's direct supervisor was Emergency Department Nursing Manager David Ronnenburg, and her second-level supervisor was Associate Nurse Executive Nicele Shine. Trechell Clavo was Ms. Thabatah's Assistant Nurse Manager.

f.    The Responsible Management Officials that Ms. Thabatah believes are responsible for the alleged harassment and conduct at issue are: (i) David Ronnenburg, and (ii) Dr. Nicele Shine.

g.    David Ronnenburg is a white male.

h.    Dr. Nicele Shine is an African American female. She supervises David Ronnenburg.

i.    Ms. Thabatah's initial contact with an EEO counselor was on December 6, 2021, her initial interview was on December 10, 2021, and she has filed no other EEO claims or complaints.

j.      Mr. Ronnenburg first learned of Ms. Thabatah's EEO activity on 12/20/2021 via email. Nicele Shine learned of the EEO complaint in 2021.

k.      On March 11, 2021, Ms. Thabatah encountered an agitated patient in a wheelchair. This patient used racist slurs against Ms. Thabatah and later against a VA police officer, Belton Brister.

l.      RN Monique Myles, RN Zane Kirby, RN Dantin, and housekeeper Denise Allen observed the incident with the patient.

m.      Ms. Thabatah has received some training to handle agitated patients.

n.      On March 18, 2021, Ms. Thabatah met with Ronnenburg, Shine, Clavo, and Ms. Thabatah's union president, Dr. Yolan Bender, to discuss the March 11 incident and her request a temporary reassignment outside of the Emergency Department.

o.      Ms. Thabatah became emotional during the March 18 meeting and left the room for a few minutes to collect herself.

p.      Upon Ms. Thabatah's return, she overheard Ronnenburg's "pity party" comment.

q.      Bender and Clavo stated at the March 18 meeting that Ronnenburg's "pity party" comment was inappropriate. Ronnenburg was ordered by the Agency to undergo sensitivity training.

r.      In June 2021, the Agency undertook an investigation into Ms. Thabatah's allegations she made in March regarding inappropriate comments that suggested she is making bombs or posing a threat.

s.      The Agency interviewed employees in the emergency department but did not substantiate Ms. Thabatah's allegations.

t.      Ms. Thabatah did not inform her supervisors about Officer Brister's alleged comments but raised them for the first time when she filed her EEO complaint.

u.      <u>On or about January 18, 2022, Ms. Thabatah filed a formal EEO complaint; Case No. 2003-629-2022-143081.</u>

v.      <u>On or about March 8, 2023, Ms. Thabatah requested leave for observance of Ramadan during 2023.</u>

*See* Pre-Trial Order, R. Doc. 52, pp. 3-5.

**<u>5TH Circuit Pattern Jury Instruction No. 2.6 – Limiting Instruction</u>**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**5TH Circuit Pattern Jury Instruction No. 2.8 – Demonstrative Evidence**

Exhibit [specific] is an illustration.  It is a party's [description, picture, model] used to describe something involved in the trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

**5TH Circuit Pattern Jury Instruction No. 2.11 - Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**5TH Circuit Pattern Jury Instruction No. 2.16 –Government Agency Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A ~~corporation~~ <u>government agency</u> and all other persons are equal before the law and must be treated as equals in a court of justice.

### III.    JURY CHARGES

**5TH Circuit Pattern Jury Instruction No. 3.1 - Jury Charge**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. Itis your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than myinstructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statementor paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit-ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges ofthe facts, but in finding those facts, you must apply the law as I instruct you. You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might

have for the plaintiff or the defendant in arriving at your verdict.

**<u>5TH Circuit Pattern Jury Instruction No. 3.2 - Burden of Proof: Preponderance of The Evidence</u>**

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**5TH Circuit Pattern Jury Instruction No. 3.3 - Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**5TH Circuit Pattern Jury Instruction No. 3.4 - Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**5TH Circuit Pattern Jury Instruction No. - 3.6     No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**5TH Circuit Pattern Jury Instruction No. 3.7 - Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the writ- ten questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

## IV.    TITLE VII CLAIM CHARGES

**5TH Circuit Pattern Jury Instruction No. 11.1 – Title VII- Discrimination based on Religion,**

Plaintiff Firyal Thabatah claims that:

**(For a § 2(a) case)** She would not have been denied Ramadan (religious) leave in 2022 but for her Muslim religion.

~~OR~~

~~**(For a § 2(m) case)** Defendant's [employer's name] specify [adverse employment action] of Plaintiff was motivated by the Plaintiff [name] [protected trait].~~

The VA denies this claim, and contends that Plaintiff's Ramadan leave was ultimately granted and David Ronnenberg's initial denial of the leave was based on a legitimate business reason.  Specifically, Plaintiff should have directed this leave request to her new supervisor.

It is unlawful for an employer to discriminate against an employee because of the employee's religion. An employer may, however, deny religious leave of an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that:

1.  The VA denied Plaintiff's Ramadan leave; and

2.  The VA  would not have denied her Ramadan leave in the absence of — in other words, but for—her religion.

Plaintiff does not have to prove that unlawful discrimination was the only reason the VA denied her Ramadan leave.  But Plaintiff must prove that the Defendant's decision to deny her Ramadan leave would not have occurred in the absence of such discrimination.

~~**OR**~~

~~For a § 2(m) case) Defendant [name]'s [specify adverse employment action] of Plaintiff [name] was motivated by [his/her] [protected trait]. Plaintiff [name] does not have to prove that unlawful discrimination was the only reason Defendant [name] [specify adverse employment action] [him/her].~~

**(For either a § 2(a) or (m) case)** If you find that the reason the VA has given for denying the Ramadan leave is unworthy of believe, you may, but are not required to infer that Defendant VA was motivated by Plaintiff's religion.

**5TH Circuit Pattern Jury Instruction No. 11.2 – Title VII-Supervisor Harassment Without Tangible Employment Action (Hostile Work Environment)**

Plaintiff Firyal Thabatah claims she was harassed based on her race, religion, and national origin by her supervisor and that her employer, the VA, is responsible for the harassing conduct.

The VA denies the claims and contents Plaintiff was not subject to a hostile work environment nor was she harassed based on her race, religion, and national origin.

It is unlawful for an employer to harass an employee based on the race, religion, and national origin.

For the VA to be liable for harassment based on race, religion, and national origin, Plaintiff must prove by a preponderance of the evidence that her supervisor, David Ronnenberg, harassed her because of her race, religion, and national origin and that the harassment was sufficiently sever or pervasive to:

1. Alter the terms or conditions of Plaintiff's employment; and

2. Create a hostile or abusive working environment.

To determine whether the conduct at issue rises to a level that altered the terms or conditions of Plaintiff employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on race, religion, and national origin. Simple teasing, offhand comments, sporadic use of offensive language, occasional

jokes related to race, religion, and national origin, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of <u>Plaintiff's race, religion, and national origin</u> may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff's must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

**5TH Circuit Pattern Jury Instruction No. 11.4 – Title VII Coworker or Third Party Harassment Without Tangible Employment Action (Hostile Work Environment-Negligence)**

<u>Plaintiff Firyal Thabatah claims she was harassed based on her race, religion, and national origin by Frank Jones, Carolyn Storck, and Officer Belton Brister and that her employer, the VA,</u> knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt remedial action.

<u>The VA denies the claims and contents Plaintiff was not subject to a hostile work environment nor was she harassed based on her race, religion, and national origin.</u>

It is unlawful for an employer to fail to take remedial action when the employer knew, or should have known, that a coworker or third-party harassed an employee because of that employee's <u>race, religion, and national origin.</u>

<u>For Defendant VA to be liable for harassment based on race, religion, and national origin, Plaintiff must provide by a preponderance of the evidence that Frank Jones, Carolyn Storck, and Officer Belton Brister harassed Plaintiff because of her race, religion, and national origin and:</u>

1. The conduct was sufficiently sever or pervasive to:

    a. alter the terms or conditions of Plaintiff's employment; and

    b. create a hostile or abusive work environment; and

2. <u>Defendant VA</u> knew, or in the exercise of reasonable care should have known, that Plaintiff was being harassed because of her <u>race, religion, and national origin.</u> To make this showing, Plaintiff must prove that:

    a. The harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not

d so, or the harassment was so open and obvious that the VA should have known of it; and

b. <u>Defendant VA</u> failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on race, religion, and national origin. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race, religion, and national origin, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff's race, religion, and national origin may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged

harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

**Jury Instruction: Failure to Accommodate Religious Practices**

Plaintiff Firyal Thabatah claims that the VA failed to accommodate her religious practices. Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. She holds a sincere religious believe that conflicts with an employment requirement;

2. She has informed the employer about the conflict; and

3. She was denied her Ramadan leave for failing to comply with the conflicting employment requirement.[1]

If you find that Plaintiff has established the above elements, you must decide in favor of Plaintiff unless the Defendant proves by a preponderance of the evidence that:

1. It reasonably accommodated Plaintiff's observance/practice, or

2. It unable to reasonably accommodate Plaintiff's religious observance/practice without undue hardship to the conduct of its business.[2]

An accommodation is reasonable if it eliminates the religious conflict between the employe's religious practice and the employer's work requirements while reasonably allowing Plaintiff to continue to be employed by Defendant. An employer is not required to choose any particular accommodation, nor must it adopt the accommodation preferred by the employee. Any reasonable accommodation by the employer is sufficient to meet its obligation to accommodate the employee. However, the employer is not free to choose an unreasonable form of accommodation over a reasonable one. You must determine whether or not any accommodation provided by the employer was in fact reasonable. If you determine that the Defendant reasonably accommodation Plaintiff's religious needs, then you must decide in favor of the defendant.

---

[1] Fed. Emp. Jury Instruction § 5:410 (Lexis).
[2] Fed. Emp. Jury Instructions §5:450 (Lexis).

If you determine that Defendant has not reasonably accommodated Plaintiff's religious needs, you must decide in favor of Plaintiff unless Defendant proves by a preponderance of the evidence that it is unable to reasonably accommodate Plaintiff's religious observance/practice without undue hardship on the conduct of its business. What constitutes undue hardship depends on the specific facts of the case.  In determining whether or not there is undue hardship, you should determine not only the existence, but also the magnitude of the hardship.[3]

---

[3] *Id.*

## IV.    DAMAGES

**5TH Circuit Pattern Jury Instruction No. 15.1 – Consider Damages Only If Necessary**

If Plaintiff has proved her claim against the VA by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether the VA is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the VA is liable and that Plaintiff is entitled to recover money from the VA.

**5TH Circuit Pattern Jury Instruction No. 11.14– Pattern Jury Questions, Title VII and ADA-Damages**

If you found that Defendant VA violated Title VII then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: ~~(1) the amount of back pay and benefits Plaintiff [name] would have earned in [his/her] employment with Defendant [name] if [he/she] had not been [specify challenged employment action] from [date of adverse employment action] to the date of your verdict, minus the amount of earnings and benefits that Plaintiff [name] received from employment during that time; (2)~~ the amount of ~~other~~ damages sustained by <u>Plaintiff such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.</u>

~~Back pay includes the amounts the evidence shows Plaintiff [name] would have earned had [he/she] [remained an employee of Defendant [name]] [been promoted] [not been demoted] [other applicable circumstance].[4] These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of~~

---

[4] Plaintiff failed to claim a termination, constructive discharge, or discriminatory transfer to a lower paying job in the Complaint and EEO claim. (R. Doc. 1, R. Doc. 46). Therefore, Plaintiff is not entitled to backpay or lost wages, and this instruction was deleted.

earnings and benefits Defendant [name] proves by a preponderance of the evidence Plaintiff [name] received during the period in question.

**(If the defendant asserts and provides evidence that the plaintiff failed to mitigate damages, the following charge should be given.)** Defendant claims that Plaintiff [name] failed to mitigate [his/her] damages. Plaintiff [name] has a duty under the law to mitigate [his/her] damages, that is, to exercise reasonable diligence under the circumstances to minimize [his/her] damages.

To succeed on this defense, Defendant [name] must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff [name] failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's [name]'s damages were increased by [his/her ] failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job [he/she] [lost] [was denied]. Plaintiff does not have to accept a job that is dissimilar to the one [he/she] [lost] [was denied], one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff [name]'s diligence should be evaluated in light of [his/her] individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff [name] for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages.[5] Punitive damages are damages designed to punish a defendant and to deter similar conduct in the

---

[5] Punitive damages are not available under Title VII against a governmental defendant. *See* 42 U.S.C. § 1981a(b)(1).

future.10 You may award punitive damages if Plaintiff [name] proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) [he/she] engaged in the discriminatory act or practice while acting in the scope of [his/her] employment; and (3) [he/she] acted with malice or reckless indifference to Plaintiff [name]'s federally protected right to be free from discrimination.11 If Plaintiff [name] has proved these facts, then you may award punitive damages, unless Defendant [name] proves by a preponderance of the evidence that the [conduct] [act] was contrary to its good faith efforts to prevent discrimination in the workplace.12 In determining whether [employee's name] was a supervisor or manager for Defendant [name], you should consider the type of authority [employee's name] had over Plaintiff [name] and the type of authority for employment decisions Defendant [name] authorized [employee name] to make.13 An action is in "reckless indifference" to Plaintiff [name]'s federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law.14 Plaintiff [name] is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant [name] engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.15 In determining whether Defendant [name] made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff [name]'s complaint of discrimination, and how it responded to other complaints of discrimination.16 If you find that Defendant [name] acted with malice or reckless indifference to Plaintiff [name]'s rights [and did not make a good-faith effort to comply with the law], then in addition to any other damages you find Plaintiff [name] is entitled to receive, you may, but are not required to, award Plaintiff [name] an additional amount as punitive damages for the purposes of

~~punishing the Defendant [name] for engaging in such wrongful conduct and deterring Defendant [name] and others from engaging in such conduct in the future. You should presume that Plaintiff [name] has been made whole for [his/her] injuries by any actual damages you have awarded. If you decide to award punitive damages, you should consider the following in deciding the amount: 1. How reprehensible Defendant [name]'s conduct was. You may consider whether the harm Plaintiff [name] suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's [name]'s conduct that harmed Plaintiff [name] also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff [name]. How much harm Defendant [name]'s wrongful conduct caused Plaintiff [name] [and could cause [him/her] in the future].17 3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant [name]'s financial condition, to punish Defendant [name] for its conduct toward Plaintiff [name] and to deter Defendant [name] and others from similar wrongful conduct in the future. 4. [The amount of fines and civil penalties applicable to similar conduct.]18 The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff [name].~~

**5TH Circuit Pattern Jury Instruction No. 15.6– Nominal Damages**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of her rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that Plaintiff sustained a technical violation of Title VII but that Plaintiff suffered no actual loss as a result of this violation, then you may award Plaintiff nominal damages.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Robert H. Adams*
ROBERT H. ADAMS
Assistant United States Attorney
LA Bar Roll No. 40166
RENEE E. GOUDEAU
Assistant United States Attorney
LA Bar Roll No. 33157
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:     (504) 680-3004
Facsimile:      (504) 680-3174
Robert.Adams9@usdoj.gov