UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRYAL THABATAH                                CIVIL ACTION


VERSUS                                         NO.   23-1043


DENIS R. MCDONOUGH, SECRETARY, UNITED          SECTION: "G"(2)
STATES DEPARTMENT OF VETERAN AFFAIRS


## ORDER AND REASONS

In this case, Plaintiff Firyal Thabatah's ("Plaintiff") surviving claim is that she was subject to race, national origin, and religious discrimination constituting a hostile work environment while employed at the U.S. Department of Veterans Affairs Southeast Louisiana Veterans Health Care System.[1] Before the Court is Defendant Denis Richard McDonough's ("Defendant") second Motion for Summary Judgment.[2] Defendant argues that any hostile work environment claim is untimely because Plaintiff failed to notify the EEO about the harassment within 45 days of the alleged discriminatory acts.[3] Plaintiff opposes the motion.[4] As discussed in more detail below, even though Events 2-6 occurred more than 45 days before Plaintiff contacted to the EEO, they

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 53 at 1.

[3] *Id.*

[4] Rec. Doc. 65.

may be considered as a part of the hostile work environment as a whole.[5] Thus, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the Motion for Summary Judgment.

Plaintiff has worked as a Registered Nurse for the U.S. Department of Veterans Affairs Southeast Louisiana Veterans Health Care System since September 2017.[6] Defendant is presently the Secretary of the U.S. Department of Veteran Affairs (the "VA").[7] Plaintiff is a 46-year-old Muslim, Middle Eastern, Palestinian female who, at the time of the alleged events in this case, worked as a nurse in the Emergency Department and later Primary Care Unit of the VA Medical Center in New Orleans.[8]

In the complaint, Plaintiff brought individual discrimination claims and hostile work environment claims based on Plaintiff's race, religion, national origin, and sex.[9] On June 11, 2024, Defendant filed a Motion for Summary Judgment.[10] On June 24, 2024, Plaintiff filed an Opposition.[11] On July 31, 2024,[12] this Court granted summary judgment on all sex discrimination

---

[5] *See also* Rec. Doc. 46 at 22.

[6] Rec. Doc. 1 at 1.

[7] *Id.*

[8] *Id.* at 3. Plaintiff still works in the same facility in the "flow" department. Rec. Doc. 32-2 at 1 (Defendant's Statement of Undisputed Facts); Rec. Doc. 36-1 at 1 (Plaintiff's Statement of Undisputed Facts).

[9] Rec. Doc. 1.

[10] Rec. Doc. 32.

[11] Rec. Doc. 36.

[12] Rec. Doc. 46.

claims and all claims related to Events 1, 9, 12, 16, and 17.[13]  The Court additionally found "there [were] no material facts in dispute with respect to Plaintiff's standalone discrimination/retaliation claims for non-selection (Events 7, 8, and 10) and the denial of leave requests (Events 11, 13, and 14)."[14]

This Court additionally found that "there are genuine issues of material fact in dispute regarding Plaintiff's hostile work environment claims based on [Plaintiff's] race, national origin and religion."[15]  Accordingly, this Court denied summary judgment on Plaintiff's hostile work environment claim and noted there was not enough information to rule on Plaintiff's religious accommodation claim regarding her denial of leave for Ramadan.[16]

Now before the Court is a second Motion for Summary Judgment[17] filed by Defendant on August 7, 2024. Plaintiff filed an Opposition[18] on August 9, 2024. In the Motion for Summary Judgment, Defendant argues that Plaintiff's hostile work environment claims pre-dating December 2021 should be dismissed because Plaintiff failed to consult with a counselor at the employing agency's EEO within 45 days of an alleged discriminatory act.[19]  Defendant claims the only event

---

[13] Rec. Doc. 46 at 33. For a list of all 18 alleged events, *see id*. at 5-8.

[14] *Id.* at 33.

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 53.

[18] Rec. Doc. 65.

[19] Rec. Doc. 53-1 at 1. Plaintiff made initial contact with an EEO counselor on December 6, 2021, with an initial interview occurring on December 10, 2021. Plaintiff has filed no other EEO claims or complaints. However, Plaintiff filed two motions to amend her claims, both of which were accepted by the EEO.

that occurred within the 45-day window was the November 5, 2021 failure of management to select Plaintiff for an interview for a position.[20] Defendant argues that because this Court dismissed the non-selection claim under an individual discrimination/retaliation theory, it cannot be used to further Plaintiff's hostile work environment claim.[21]

In opposition,[22] Plaintiff argues that Defendant waived the right to object under a timeliness theory based on the fact Defendant did not allege non-compliance with the 45-day rule until the final Pretrial Order.[23] Plaintiff further argues that Defendant explicitly stated in its Response to Plaintiff's Motion to Amend filed with the EEO that the amendments made to the original report were timely.[24] Lastly, Plaintiff claims that this Court's original order granting partial summary judgment did not dismiss Events 2-6, 11-15 and 18 in the context of a hostile work environment claim.[25]

Aside from Event 12, which this Court did grant summary judgment on, Plaintiff is correct. Summary judgment has not been granted on Events 2-6, 11, 13, 14, 15, and 18 in the context of Plaintiff's hostile work environment claim. In this case, when Plaintiff reported to the EEO on December 6, 2021, the hostile work environment alleged was ongoing due to Events 11, 13, 14,

---

[20] *See* Rec. Doc. 53-1 at 3.

[21] *See id.* at 2.

[22] Rec. Doc. 65.

[23] *Id.* at 6.

[24] *Id.*

[25] *Id.* However, the Court did grant summary judgment as it relates to all claims associated with Event 12 because Plaintiff did not mention Event 12 in their Opposition to Defendant's first Motion for Summary Judgment.

15, and 18 all occurring in 2022 and 2023, after Plaintiff approached the EEO.[26]  Since these events occurred after Plaintiff filed with the EEO, they are clearly timely.

As far as the Events that occurred more than 45 days before December 6, 2021 (Events 2-6), in *National R.R. Passenger Corp. v. Morgan*, the Supreme Court held that "[b]ecause [a hostile work environment claim] is composed of a series of separate acts that collectively constitute 'unlawful employment practice,' it does not matter that some of the component acts fall outside the statutory time period."[27]  The Court further held that "a charge may be filed at a later date and still encompass the whole."[28]  Thus, even though Events 2-6 occurred more than 45 days before Plaintiff contacted the EEO, they may be considered as a part of the hostile work environment as a whole. It is for the jury to determine if these events, when considered together, show that that Plaintiff was subject to a hostile work environment based on her race, religion, and national origin. Accordingly,

---

[26] *See* Rec. Doc. 53-1 at 3-4.

[27] 536 U.S. 101, 103 (2002).

[28] *Id.*

**IT IS HEREBY ORDERED** that Defendant's August 7, 2024 Motion for Summary Judgment[29] is **DENIED.**

**NEW ORLEANS, LOUISIANA** this  ___12th___  day of August, 2024.


_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[29] Rec. Doc. 53.